UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKER'S LOCAL NO. 124 PENSION TRUST; THE JOINT BOARD OF TRUSTEES OF THE HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' LOCAL UNION NO. 124 VACATION FUND; and THE BOARD OF TRUSTEES OF THE SHEET METAL WORKERS' APPRENTICE TRAINING TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> STEWART ENVIRONMENTAL AIR SYSTEMS, INC. <br><br> Defendant. | Case No. CIV-17-1057-M |

# COMPLAINT

COMES NOW, the Plaintiffs, The Board of Trustees of the Sheet Metal Workers' Local No. 124 Pension Trust, The Joint Board of Trustees of the Health and Welfare Trust, The Board of Trustees of the Sheet Metal Workers' Local Union No. 124 Vacation Fund and The Board of Trustees of the Sheet Metal Workers' Apprentice Training Trust (hereinafter collectively "Plaintiffs") and for their causes of action against the Defendant, Stewart Environmental Air Systems, Inc. ("Defendant") alleges and states as follows:

# INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001, *et seq.* and under §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185 by fiduciaries of multi-employer benefit funds sponsored by International Association of Sheet Metal Air, Rail and Transportation Workers' Local Union No.

1

124, Oklahoma City, Oklahoma ("Local 124"), to recover benefit fund contributions owed to them pursuant to various collected bargaining agreements and trust fund documents from an employer.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 29 U.S.C. §1132(a)(3), §1132(e)(1) and §1132(f).

3.  This Court also has jurisdiction under §301 of the LMRA, 29 U.S.C. §185 in that certain of Defendants' actions violated collective bargaining agreements between an employer and labor organizations.

4.  This Court also has supplemental jurisdiction over the state causes of action pursuant to 28 U.S.C. §1367(a).

5.  Venue lies in this district under 29 U.S.C. §1132(e)(1) and 29 U.S.C. §185(a), as the violations of ERISA occurred in this district and the Plaintiffs are administered in this district.

## THE PARTIES

6.  The Board of Trustees of the Sheet Metal Workers' Local No. 124 Pension Trust, The Joint Board of Trustees of the Health and Welfare Trust, The Board of Trustees of the Sheet Metal Workers' Local Union No. 124 Vacation Fund and The Board of Trustees of the Sheet Metal Workers' Apprentice Training Trust are fiduciaries of "Employee Benefit Plans" and "Multi-Employer Plans" within the meaning of 29 U.S.C. §1002(3)(37), with their principal place of business at Oklahoma City, Oklahoma.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

**7.**  On October 17, 2014, Defendant as an Individual Contractor executed a

Collective Bargaining Agreement between Sheet Metal, Roofing, Ventilating and Air Conditioning Contracting Divisions of the Construction Industry and International Association of Sheet Metal, Air, Rail and Transportation Workers' Local Union No. 124, Oklahoma City, Oklahoma, effective July 1, 2014 through June 30, 2017 ("CBA I"), whereby Defendant agreed to pay contributions for Defendant's employees to the Sheet Metal Occupational Health Institute Trust, Sheet Metal Workers' Local Union No. 124 Health and Welfare Fund, Apprentice Training Fund, Sheet Metal and Air Conditioning Contractor's National Industry Fund, Sheet Metal Worker's Local Union No. 124 Pension Fund, Sheet Metal Workers' Local No. 124 Supplemental/401K Pension Fund, Vacation Fund, Capital Improvement Fund, Organizing Fund, Sheet Metal Workers' National Pension Fund, International Training Institute for the Sheet Metal and Air Conditioning Industry and Tinker Federal Credit Union (contributions to the mentioned above funds are hereinafter collectively referred to as "fringe benefits").  CBA I attached as **Exhibit 1.**

8.	Addendum No. 15 of CBA I provide fringe benefits shall be paid monthly by the fifteenth (15th) of the month following the closing for which hours were worked ("payment date").  Any contractor required to pay fringe benefits who fails to pay the fringe benefits by the payment date is delinquent.  Section 2 of Addendum No. 15 at Page 12A of CBA I attached hereto as **Exhibit 1.**

9.	Pursuant to Addendum No. 15 Defendant agreed it shall pay the greater of $250.00 or 10% per month, per fund as liquidated damages for delinquent fringe benefits. Section 2 of Addendum No. 15 at Page 12A of CBA I attached as **Exhibit 1.**

10.	Effective July 1, 2017 through June 30, 2020 a Collective Bargaining Agreement was entered between Sheet Metal, Roofing, Ventilating and Air Conditioning Contracting

Divisions of the Construction Industry and International Association of Sheet Metal, Air, Rail and Transportation Workers' Local Union No. 124, Oklahoma City, Oklahoma ("CBA II"). CBA II provides for fringe benefits to be paid by the Defendant to the identical funds as CBA I and provides for an increase in the hourly wage for Contractors employees, thereby increasing the amount of fringe benefits due for hours worked beginning July 1, 2017. CBA II attached as **Exhibit 2.**

11. Section 2 of Addendum No. 15 of CBA II requires that Defendant submit monthly reports by the tenth (10th) of the month following closing of the month for which hours were worked. CBA II attached as **Exhibit 2.**

12. Section 2 of Addendum No. 15 at Page 13A of CBA II attached hereto contains the same provisions regarding payment, delinquency and liquidated damages as CBA I. CBA II attached as **Exhibit 2.**

13. Defendant submitted the required reports for fringe benefits due since July, 2017. The reports submitted by Defendant for the hours worked by Defendant's employees since July 1, 2017 contain the increased hourly wage for Defendant's employees and the increased fringe benefits owed by Defendant in accordance with CBA II. Defendant by submitting reports for fringe benefits owed for hours worked by Defendant's employees with the increases set forth in CBA II, has ratified CBA II and is estopped from denying his consent to CBA II despite Defendant's refusal to execute CBA II. Sheet Metal Workers' Uniform Fringe Benefits Remittance Reports of Defendant ("Fringe Benefits Reports") attached collectively as **Exhibit 3.**

14. Defendant's submission of the Fringe Benefit Reports is an admission by Defendant of the principal amount owed by Defendant to Plaintiffs and Defendant is estopped to

deny the amount it owes to Plaintiffs.

15. Defendant is in default of CBA I and CBA II by its failure to pay fringe benefits since January, 2016.

16. From January, 2016 through July, 2017, Defendant paid its fringe benefits after the payment date. Pursuant to Addendum No. 15, Defendant was delinquent in payment of fringe benefits from January, 2016 through July, 2017, making Defendant liable to pay liquidated damages on the delinquent fringe benefit payments due.

17. Defendant is in default of CBA I and CBA II by its failure to pay the liquidated damages owed plaintiffs.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT FOR VIOLATION OF ERISA**

18. Plaintiffs repeat and allege the allegations of Paragraphs 1-17 as if fully set forth herein.

19. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement … [two] makes such contributions in accordance with the terms and conditions of such plan or agreement."

20. Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter or the terms of the plan."

21. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that:
"[I]n any action brought by a fiduciary on behalf of a plan to enforce §1515 which

a judgment in favor of the plan is awarded, the Court shall award the plan, (a) the unpaid contribution; (b) interest on the unpaid contributions; (c) an amount equal to the greater of (i) the interest on the unpaid contributions, or (ii) liquidated damages … in an amount not to exceed 20% of the [unpaid contributions]; (d) reasonable attorney's fees and costs of the action; and (e) such other legal or equitable relief as the Court deems appropriate."

22. Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1), further provides that "[i]n any action under this subchapter [other than the one described in 502(g)(2)] by a participant, beneficiary, or fiduciary, the Court in its discretion may allow a reasonable attorney's fees and costs of action. … "

23. Defendants has failed to pay the monthly fringe benefits that are due and owing the Local 124 Funds on a systematic and continuous basis since June, 2016.

24. Defendant's failure to remit fringe benefits to the Local 124 Funds for hours worked by individuals performing covered work constitutes a failure to make contributions in accordance with the terms of the collective bargaining agreements, in violation of §§502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, giving rise to an action under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

25. Defendant has failed to timely pay fringe benefits due and owing the Local No. 124 Funds on a systematic and continuous basis since January, 2016.

26. As a result of Defendant's default of CBA I and CBA II Plaintiffs have sustained damages in principal amount of $1,584.80 for ERISA fringe benefits due and not paid from June, 2016 through July, 2017, penalties on ERISA funds in the amount of $7,608.87 for late payment of ERISA fringe benefits from January, 2016 through July, 2017, damages in the principal amount of $160.00 for non-ERISA fringe benefits, penalties on non-ERISA funds in the amount

of $5,000.00 for late payment of Non-ERISA fringe benefits, Vacation and Related fund penalties in the amount of $8,250.00 and administrative fees in the amount of $300.00, for total damages owed Plaintiffs in the amount of $22,903.67, plus interest, and additional liquidated damages pursuant to 29 U.S.C. §(g)(2)(c)(ii).  Sheet Metal Workers Local 124/Stewart Environmental Delinquent Payments and Penalties Due January, 2016 Hours-July, 2017 Hours attached as **Exhibit 4.**

### SECOND CAUSE OF ACTION AGAINST DEFENDANT FOR VIOLATION OF THE LMRA BY BREACHING THE COLLECTIVE BARGAINING AGREEMENT WITH LOCAL 124

27. Plaintiffs repeat and allege the allegations of Paragraphs 1-26 as if fully set forth herein.

28. Section 301(a) of the LMRA, 29 U.S.C. §185(a) provides that:

"Suits for violation of contracts between employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter or between such labor organizations, may be brought in any district of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

29. Section 301(b) of the LMRA, 29 U.S.C. §185(B), provides that:

"[i]n any labor organization which represents employees in an industry affecting, commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents."

30. Article I of CBA I and CBA II with Local 124 sets forth the work that should be performed by individuals represented by Local 124.

31. Article I, Article IV and Article V of CBA I and CBA II obligates Defendant to assign work that falls under the jurisdiction of Local 124 to union members.  Article VIII of the CBA obligates Defendant to make contributions to the Sheet Metal Occupational Health Institute

Trust, Sheet Metal Workers' Local Union 124 Health and Welfare Fund, Apprentice Training Fund, Sheet Metal and Air Conditioning Contractor's National Industry Fund, Sheet Metal Workers' Local 124 Pension Fund, Sheet Metal Workers' Local 124 Supplemental/401K Pension Fund, Vacation Fund, Capital Improvement Fund, Organizing Fund, Sheet Metal Workers' National Pension Fund, International Training Institute for the Sheet Metal and Air Conditioning Industry and Tinker Federal Credit Union.

32. Defendant, in violation of Section 2 of Addendum No. 15 of CBA I and CBA II, fail to remit fringe benefit payments to the Local 124 Funds for the hours worked by employees performing covered work.

33. As a result of Defendant's default of CBA I and CBA II Plaintiffs have sustained damages in principal amount of $1,584.80 for ERISA fringe benefits due and not paid from June, 2016 through July, 2017, penalties on ERISA funds in the amount of $7,608.87, damages in the principal amount of $160.00 for non-ERISA fringe benefits, penalties on non-ERISA funds in the amount of $5,000.00, Vacation and Related fund penalties in the amount of $8,250.00 and administrative fees in the amount of $300.00, for total damages owed Plaintiffs in the amount of $22,903.67, plus interest. Sheet Metal Workers Local 124/Stewart Environmental Delinquent Payments and Penalties Due January, 2016 Hours-July, 2017 Hours attached as **Exhibit 4.**

WHEREFORE, Plaintiffs respectfully demand judgment as follows:

1. On the First Cause of Action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), a judgment against Defendant in favor of the Plaintiffs for unpaid contributions of fringe benefits due and penalties in the amount of $22,903.67; interest on the unpaid contributions, and an amount equal to the greater of the interest on the unpaid contributions or

liquidated damages in an amount of 20% of the unpaid contributions;

    2.    On the Second Cause of Action against Defendant pursuant to Section 301 of the LMRA, 29 U.S.C. §185, a judgment against Defendant in favor of the Plaintiffs for $22,903.67, plus interest;

    3.    An award to Plaintiffs of their reasonable attorneys' fees, costs and accounting fees, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); and

    4.    Such other and further relief, including injunctive relief, as the Court deems just and proper.

    Respectfully submitted,

/s/Bruce F. Klein
Bruce F. Klein, OBA #11389
BRUCE F. KLEIN, PLLC
222 N.W. 13th Street
Oklahoma City, OK 73103
Telephone: (405) 606-4448
Facsimile: (405) 523-2108
ATTORNEY FOR BOARD OF
TRUSTEES OF THE SHEET METAL
WORKER'S LOCAL NO. 124